Merrimack, ⎫
Nov. 3, 1920. ⎬

### Earl A. Record *v.* Manchester Traction, Light & Power Company.

A lineman injured by the fall of a pole apparently sound but in a decayed condition was under no duty to inspect the pole, that duty having been imposed by the master upon the foreman and not upon the linemen generally; and the fact that in making such inspection the foreman selected a lineman for the task did not render such inspection an incident of the linemen's routine work.

The denial of a motion for change of venue presents no question of law, if there is evidence showing the motion could be denied as a matter of discretion.

Case, for negligence. Trial by jury and verdict for the plaintiff. The defendant had accepted the provisions of the employers' liability act and the case was tried at common law. The plaintiff was the defendant's servant, employed as a lineman, and was injured by the falling of a decayed pole, upon which he was working. The defect should have been discovered by the defendant's employee, Green, who inspected the pole some months before. The evidence as to inspection was that it was the defendant's custom to inspect once a year — in the spring if they "got around to it." The foreman took a man from the crew to do the shoveling and probing the poles, while he himself made a record of the result reported. It was not the duty or the practice for the men who were about to climb poles to inspect them if they looked all right — as this one did. The defendant's motions for a nonsuit and for a directed verdict were denied, subject to exception.

The precept in the writ sets out the defendant as having a usual place of business in Bow, and the plaintiff as a resident of Concord. It appeared in evidence at the trial that both parties were residents of Hillsborough county; and it was admitted that the defendant had property and a place of business in Merrimack county. Thereupon the defendant moved that the case be transferred to Hillsborough county. The motion was denied, subject to exception.

Transferred from the October term, 1919, of the superior court by *Branch,* J.

*Robert W. Upton* and *John M. Stark* (*Mr. Upton* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

PEASLEE, J. There was evidence from which it could be found that the pole which fell was badly decayed when inspected by Green in the spring before the accident, and that if Green had not been negligent he would have discovered the fact and reported it to the foreman. If this had been done it is reasonable to conclude that more care would have been used by the foreman at the time of the accident, and the injury would have been avoided.

The defendant's position is that the inspection had been turned over to the linemen generally, so that the case comes within the rule laid down in *Sanborn* v. *Railroad*, 76 N. H. 523. The evidence fails to sustain this contention. It appears that the practice was for the foreman to select a man and make an inspection, usually in the spring, and record the result in a book kept for that purpose. It was not the rule or the practice for linemen working upon the poles to inspect them if they "looked all right," as this one did. In this respect the facts differ essentially from those in the *Sanborn* case. There the workman was supposed to ascertain the condition of the instrumentalities he was to deal with, and to do what was necessary to make them safe. Here he was to assume the safety of the pole unless its appearance indicated a different condition. That is, this pole line, inspected each spring, was a place prepared for the linemen to work upon, and the case was for the jury under the rule as stated in *Haakensen* v. *Company*, 76 N. H. 443.

The defendant's claim that the linemen were to reset the poles "as occasion required" omits the essential fact that their knowledge of occasion for such action was to be obtained from the report of the annual inspection. It was not their duty, as a part of their ordinary work upon the line, to ascertain whether a pole had decayed below the surface of the earth.

The fact that the inspection, when made, was carried on by a lineman does not alter the situation. When acting as inspector he was not performing a part of his everyday task, but a special duty to which he might be assigned from time to time. *Twombly* v. *Company*, 98 Me. 353. It was not an incident of the routine work of the linemen. *Nord Deutscher &c. Co.* v. *Ingebregsten*, 57 N. J. L. 402.

The defendant's exception to the denial of its motion for a change of venue presents no substantial question of law. There was ample evidence upon which the motion could be denied as a matter of discretion. *Whitcher* v. *Association*, 77 N. H. 405. The claim that the denial was the result of a ruling of law rather than of a finding of fact is negatived by the refusal of the presiding justice to amend the

case by adding a statement to that effect. The argument that notwithstanding this refusal the record shows that the presiding justice acted as he says he did not, is not entitled to serious consideration. The defendant's contention rests wholly upon inference and surmise, and is contrary to the reasonable interpretation of the record.

<em>Exceptions overruled.</em>

WALKER, J., was absent: the others concurred.